UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50609 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03044-LAB-1 |
| v. | Southern District of California, San Diego |
| ULICES MONTIEL, | |
| Defendant - Appellant. | ORDER |

Before:  GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Appellant's Motion for Reconsideration of Order Barring Further Petition for Rehearing is GRANTED.  Appellant's Petition for Panel Rehearing of Amended Memorandum tendered November 5, 2015, is ordered filed.

The amended memorandum disposition filed November 3, 2015, is amended by the second amended memorandum disposition filed concurrently with this order, as follows:

On page 2, footnote 1, delete the last sentence:  "If Hamilton is believed, he never left Defendant's side until the interrogating officers took over and, thus, Defendant could not possibly have thought that Hamilton talked to his boss before Defendant confessed."

With this amendment, Appellant's Petition for Panel Rehearing of Amended Memorandum is DENIED. No further petitions for panel rehearing or for rehearing en banc shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50609 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03044-LAB-1 |
| v. | |
| ULICES MONTIEL, | SECOND AMENDED MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 31, 2015[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Defendant Ulices Montiel appeals from his conviction, after a jury trial, for

transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We affirm.

The sole question presented is whether Defendant's confession was

voluntary. We review de novo the conclusion of voluntariness, United States v.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Crawford, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc), but review the district court's underlying findings of fact for clear error, United States v. Gamez, 301 F.3d 1138, 1144 (9th Cir. 2002). We owe special deference to the trial court's credibility determinations. United States v. Nelson, 137 F.3d 1094, 1110 (9th Cir. 1998).

Here, the pivotal issue is whether Agent Hamilton induced Defendant to confess by promising him that, if he provided information, he would not be charged with a crime. During the drive from the border to El Centro, Defendant asked Hamilton if he could avoid being charged with a crime if he gave information; Hamilton replied that he would ask his boss.[1] Defendant claimed that, after they arrived at the station, Hamilton left him alone for ten minutes, while parked in a secure area, after which Hamilton returned and asked Defendant, "You're ready to go home?" Hamilton denied that he ever left Defendant alone in the car, denied asking that question, and denied making any promise to Defendant. The district court believed Hamilton's version of events, after asking several follow-up questions and considering all the circumstances. We defer to the court's

---

[1] Defendant argues that, although Hamilton said that he would ask his boss, he did not ask his boss, thereby making a false promise. But Defendant's claim of inducement rests on much more than the foregoing promise; the alleged promise on which Defendant relied in his testimony at the district court was the one discussed below, in text, which the district court permissibly disbelieved.

assessment of credibility and see no clear error in the court's resulting findings of fact.

Given those findings, on de novo review we conclude that the confession was voluntary. Indeed, apart from urging this court to reject Agent Hamilton's testimony, Defendant does not point to anything about the circumstances of the interrogation or about his own personal characteristics that would have rendered the confession involuntary.

**AFFIRMED.**